### H. E. POGUE DISTILLERY CO. v. PAXTON BROS. CO. et al.

(District Court, E. D. Kentucky. October 8, 1913.)

SALES (§ 48*)—CONTRACT—VALIDITY—PUBLIC POLICY—FRAUD.

　　Plaintiff sued to recover damages for defendants' breach of a written contract to make and sell to defendant, P. Bros. Co., certain Bourbon whisky; the contract providing that the whisky was to be made, sold, and warehoused by plaintiff, but in the name and under the brand of P. Bros. Co., who should have the use of plaintiff's bottling house and facilities so far as the same might be allowed by the United States, and did not interfere with the reasonable use thereof by plaintiff, and that plaintiff should not object to any representations by the buyer or its agent that it was interested in plaintiff's distillery, provided they should not involve plaintiff for any liability or obligations of the buyer, the distillery to be run in such manner that the bottles, when placed in bond, should show the buyer instead of the plaintiff as the distiller. *Held*, that the contract. provided for misrepresentations as to the manufacture of the whisky to deceive the public, and was therefore unenforceable.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 101–107; Dec. Dig. § 48.*]

At Law. Action by the H. E. Pogue Distillery Company against the Paxton Brothers Company and another. On special and general demurrers of the Paxton Brothers Company to plaintiff's amended petition. Sustained.

Mackoy & Mackoy, of Louisville, Ky., and Pogue & Pogue, of Cincinnati, Ohio, for plaintiff.

Paxton, Warrington & Seasongood, of Cincinnati, Ohio, and J. C. Wright, of Newport, Ky., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COCHRAN, District Judge. This cause is before me on the special and general demurrers of the defendant the Paxton Bros. Company to plaintiff's amended petition. The defendant the Edgewood Distilling Company has not been served with process and is not before the court. The ground of the special demurrer is that the defendant the Edgewood Distilling Company is an indispensable party to the suit. I do not think that it is, and the special demurrer is therefore overruled.

The action is one to recover damages for breach of a written contract to make and sell 12,500 barrels of Bourbon whisky. On its face the contract is between the plaintiff and the demurring defendant. There is no indication in the contract itself of the other defendant having any connection therewith. The plaintiff owns and operates a distillery at Maysville, Ky. If one limits himself to what the contract discloses, the demurring defendant is a wholesale liquor dealer or jobber.

By the contract it was expressly provided that plaintiff was to make and sell to the demurring defendant 12,500 barrels of Bourbon whisky, as therein set forth, for the price therein named. The details of the contract in relation to the time when the whisky was to be made and sold or the prices at which it was to be purchased need not be set forth. Possibly note should be taken of the circumstance that the contract contemplated that the price might go over 30 cents or below 25 cents, and in the one contingency the demurring defendant was not bound to take the whisky, notice of its determination not so to do to be given by a certain time, and in the other contingency plaintiff was not bound to make and sell the whisky, notice of which seems not to have been required.

The thing to be emphasized is that, according to the contract, the plaintiff's relation to the whisky with which it had to do was that of manufacturer, seller, and warehouseman, and the demurring defendant that of purchaser. It was provided, however, that the whisky so to be made, sold, and warehoused by plaintiff was to be made in the name and under the private brand of the demurring defendant; that the latter should have the use of plaintiff's bottling house and bottling facilities so far as same might be allowed by the United States government and did not interfere with the reasonable use by plaintiff in the requirement of its business; that no objection would be made by plaintiff to any representations on the part of the demurring defendant or its agents that it was interested in plaintiff's distillery, provided that the representations should in no wise involve the plaintiff for any liabilities or obligations of the demurring defendant or its agents or representatives; that the contract was subject to the laws and regulations of the United States government; and that, according to a clause below the signatures, which I assume to be a part of the contract, the distillery was to be run in such manner that the government stamp and bottle will show the Paxton Bros. Company when bottled in bond under government regulations. The latter provision indicates that the distillery could not have been run in plaintiff's name, and the government stamp and label on the bottle, when the whisky was bottled in bond, show demurring defendant's name—that is, that it was the distiller; and it is conceded that such is the case.

It is clear, therefore, that though the plaintiff was in fact to make the whisky and to sell it to the demurring defendant after it was made and then to warehouse it for it, the contract contemplated that the latter was to represent to the trade that it had in fact made the whisky, and to this end the distillery was to be so operated and the whisky was to be so branded as to afford a basis for such a representation. According to the allegations of the amended petition the plan of operation understood between the parties at the time the contract was entered into was this: The plaintiff's distillery plant was to be leased to H. E. Pogue, a person connected with plaintiff and then in charge of its warehouse, according to the recital of the contract, as the agent of the plaintiff, and to be operated by "H. E. Pogue as the Paxton Bros. Company." It is likely that it was intended to allege that the lease was to be to H. E. Pogue as agent of the demurring defendant, for if it was to be to him as agent of plaintiff the lease would be really to itself. H. E. Pogue was to give notice of his operation of the plant to the government, filing his annual bond and form 27a, the bond reciting the name adopted as the name under which the plant was to be operated, to wit, "H. E. Pogue, as the Paxton Brothers Company, Distillers." All this was a sham and a pretense. Nothwithstanding it, plaintiff was to purchase and pay for all the material used, to employ and pay all the labor required, and to superintend the making through its representative, H. E. Pogue, and the whisky when made was to be its whisky until warehouse receipts were issued and notes given therefor with the receipts attached as collateral security. I cannot conceive that it is possible that the laws and regulations permit of such a way of doing things. No doubt they permit one to operate a distillery under any name or style which he may adopt. The fact that they so do does not authorize one in reality to operate the distillery and make and sell the whisky and the purchaser to get the credit for having made it.

The contract sued on, therefore, contemplated the doing of that which was not permissible under the laws and regulations, so far as I am advised in regard thereto, and the perpetuation of a fraud on the public; i. e., the representation by the demurring defendant that it had made the whisky, which in fact plaintiff had made, and the distribution and sale of the whisky to retailers and consumers on the faith of such representation. And on this ground the contract must be held void, and the general demurrer well taken.

Possibly the amended petition does not state a cause of action against the demurring defendant, even though the contract was enforceable against it. It seems to take the position that the contract was with its codefendant rather than with it. The allegations are that the plaintiff entered into a contract with "the Edgewood Distilling Company in the name of the Paxton Brothers Company," and that "the Edgewood Distilling Company owns and operates the Paxton Brothers Company, defendant herein, and that the defendant the Paxton Brothers Company is merely the name of a nominal company organized for the purpose of operating as distillers and making whisky under said name solely for the use and benefit of the Edgewood Distilling Company aforesaid."

This goes perilously near to alleging that the Paxton Bros. Company is the mere name under which the Edgewood Distilling Company did business. If so, it suggests the question whether recovery can be had against any one but the Edgewood Distilling Company.

Then the amended petition adds terms to the contract of which parol evidence would seem not to be permissible, as, for instance, that the whisky was to be made under the brand of the Edgewood Distilling Company, to be known as Edgewood; that the whisky was to be taken over by that company and to be paid for by it; and that all the business was to be handled and carried on under its name. I do not, however, find it necessary to determine whether the pleading is bad on either of these two grounds. It is sufficient to hold that the contract is not enforceable.

The demurrer is sustained, with leave to amend.